33 305
31ap559

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM H. McDONOUGH, Appellant, v. THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Respondent.

*Audit of a claim by a board of supervisors — the acceptance of the amount allowed prevents any prosecution for the residue of the claim.*

The relator presented to the board of supervisors of Queens county a claim amounting to $1,890.49 for services alleged to have been rendered by him to the county under a contract. The board adopted a resolution directing the county treasurer to pay to him the sum of $165.25, "being the amount in full due him from Queens county under his contract with said county." In June, 1883, the relator assigned his claim for the amount audited to one Miller, who received the same from the county treasurer.

*Held,* that the acceptance of this amount concluded the relator and prevented him from further prosecuting a claim for the residue of his bill.

Appeal from a judgment in favor of the defendant, entered upon the trial of the issues herein by a jury.

*William C. De Witt,* for the appellant.

*John J. Armstrong,* for the respondent.

Dykman, J.:

This is a proceeding by *mandamus* to compel the board of supervisors of Queens county to audit and allow a claim of the relator for $1,333.80. The claim comes in this way: There was a bridge to be constructed at Blissville, over Newtown creek, which there forms the boundary between the counties of Kings and Queens, and the bridge was to be made and paid for by the two counties, each paying one-half of the expense. The relator was appointed the supervising engineer of the work, and there is some obscurity respecting the terms of his employment and the amount of his compensation. He claims that he was to receive five per cent on the entire cost of the work, and the defendant claims that he was to receive five per cent on the contract price of the work, to be done in pursuance of the plans and specifications. In the view now to be taken, it will not become necessary to determine that question. The relator was employed to prepare plans and specifications for the building of the bridge, and to superintend the work in Septem-

ber, 1880. He drew the papers and continued to superintend the work of construction until December 2, 1881, when he was discharged therefrom. Soon after that he presented a claim for services claimed to have been rendered by him under his employment for $1,890.49. This bill came before the board of supervisors of Queens county for action, and was referred to an appropriate committee. The committee made a report and recommended the adoption of a, resolution auditing and allowing the bill at $330.50, one-half payable by each county. Thereupon the board adopted a resolution directing the county treasurer of Queens county to pay the relator $165.25, "being the amount in full due him from Queens county under his contract with said county." In June, 1883, the relator assigned this claim so audited to Anthony Miller, and he has received the amount from the county treasurer. This was after the commencement of these proceedings. Yet it was held by the trial court that the relator was concluded by this audit and payment, and the case seems to fall easily within the principle. The claim was audited at the amount specified as a full payment, and the relator might accept it or institute legal proceedings for the enforcement of his whole demand. He elected to accept the amount offered on the terms and conditions imposed of payment in full, and he cannot now repudiate his choice.

The trial court held very properly that the relator was not entitled to extra compensation for delay in the completion of the work, nor to any allowance or commission on the cost of constructing the exterior approaches to the bridge.

The judgment should be affirmed, with costs.

PRATT, J.:

The relator held a claim against the county of Queens which was presented in due form, by him, to the board of supervisors of that county. A large portion of the claim was rejected and the bill was audited at the sum of $165.25; this bill so audited was assigned to one Anthony Miller, and the treasurer of Queens county was by the terms of the assignment directed to pay the said sum to the assignee; the amount was subsequently paid by the county treasurer to Miller, who gave his receipt therefor; the assignment and receipt for this claim estop the relator from maintaining this proceeding.

The board of supervisors have power "to examine, settle and allow all accounts chargeable against such county." (1 R. S., 366, 367, § 4, sub. 2.) Their act was a judicial act and adjudicated the amount the relator was entitled to receive. (*Brady* v. *Supervisors*, 10 N. Y., 260; *Martin* v. *Supervisors*, 29 id., 645.) Their audit was in the nature of a judgment against the county. A party cannot accept the benefit of a judgment and at the same time appeal from it. (*Knapp* v. *Brown*, 45 N. Y., 209; *Bennett* v. *Van Syckel*, 18 id., 481; *Kelly* v. *Bloom*, 17 Abb., 231.)

By accepting the amount of the audit, the relator waived his right to further prosecute his claim.

The judgment should be affirmed, with costs.

BARNARD, P. J., not sitting.

Judgment affirmed, with costs.